IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH STRAND; and AMARA ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> USANA HEALTH SCIENCES, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:17-cv-00925-HCN-PMW <br><br> District Judge Howard C. Nielson, Jr. <br><br> Chief Magistrate Judge Paul M. Warner |

District Judge Howard C. Nielson, Jr. referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Plaintiffs Elizabeth Strand ("Ms. Strand") and Amara Enterprises, Inc.'s ("Amara") (collectively, "Plaintiffs") (1) Motion for Short Form Discovery re: Electronically Stored Information (the "ESI Motion");[2] (2) Motion for Protective Order and to Stay Deposition (the "Original Motion to Stay');[3] (3) Amended Motion for Protective Order and to Stay Deposition (the "Amended Motion to Stay");[4] (4) Motion to Quash Dr. Strand's Subpoena to Testify (the "Motion to Quash");[5] (5) Motion to

---

[1] *See* docket no. 113.

[2] *See* docket no. 65.

[3] *See* docket no. 74.

[4] *See* docket no. 80.

[5] *See* docket no. 79.

Compel Discovery Responses (the "First Motion to Compel");[6] and, (6) Second Motion to Compel Discovery Responses (the "Second Motion to Compel").[7] Also before the court are Defendant USANA Health Sciences, Inc.'s ("USANA" or "Defendant") (1) Motion to Compel Responses to Interrogatories (the "Motion re: Interrogatories");[8] (2) Motion for Protective Order to Stay 30(b)(6) Depositions (the "Motion re: 30(b)(6) Depositions");[9] and, (3) Motion to Compel Responses to Requests for Production (the "RFP Motion").[10]

The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

Before addressing the above-referenced motions, the court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery *need not be admissible in evidence to be discoverable*.

---

[6] *See* docket no. 81.

[7] *See* docket no. 96.

[8] *See* docket no. 71.

[9] *See* docket no. 70.

[10] *See* docket no. 72.

Fed. R. Civ. P. 26(b)(1) (emphasis added). "'Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action.'" *Groesbeck v. Bumbo Int'l*, No. 1:13-CV-00090, 2015 WL 365922, at *1 (D. Utah Jan. 27, 2015) *(quoting Smith v. MCI Telecomm. Corp.,* 137 F.R.D. 25, 27 (D. Kan. 1991)). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

### I. Plaintiffs' Motions

The court first addresses the motions filed by Plaintiffs.

#### a. ESI Motion

On October 3, 2017, the court entered a stipulated scheduling order, which contains a one-paragraph provision addressing how ESI will be handled in this case (the "Stipulated ESI Provision").[11] In the ESI Motion, Plaintiffs argue that Defendant has "abused" "insufficiencies" in the Stipulated ESI Provision to "justify inadequate, unreasonable, and unusable document productions."[12] As a remedy, Plaintiffs ask this court to enter their proposed order governing discovery of ESI. The court declines to do so. The Stipulated ESI Provision governs discovery of ESI in this case. If any party believes that provision has been violated, they may file a motion to compel, or any other appropriate motion to enforce the Stipulated ESI Provision. The ESI Motion is therefore denied.

---

[11] *See* docket no. 28, paragraph II(g).

[12] Docket no. 65 at 1.

### b. Original Motion to Stay and Amended Motion to Stay

First, although Plaintiffs did not withdraw the Original Motion to Stay when they filed the Amended Motion to Stay, the court concludes that the Amended Motion to Stay is the operative motion, and therefore, the Original Motion to Stay is hereby moot. The Amended Motion to Stay seeks a stay of Ms. Strand's deposition, originally scheduled for April 16, 2019. The court finds good cause to grant the motion. The parties are ordered to meet and confer to find a mutually agreeable date to reschedule the deposition within thirty (30) days of the date of this order. If the parties cannot agree, either party may file a motion and the court will set a date for the deposition.

### c. Motion to Quash

The Motion to Quash seeks an order quashing the subpoena for non-party Dr. Ray Strand ("Dr. Strand") to testify at a deposition. Dr. Strand is a fact witness, not a party, and therefore the rules governing subpoenas of non-parties apply. The Motion to Quash argues, and the court agrees, that the subpoena does not comply with rule 45 of the Federal Rules of Civil Procedure or 28 U.S.C. § 1821(b) and (d). The Motion to Quash is therefore granted. If Defendant still intends to depose Dr. Strand, Defendant shall re-serve the subpoena in compliance with the applicable rules and statutes.

### d. First Motion to Compel

The First Motion to Compel asks this court to compel a "comprehensive examination of USANA's discovery practices."[13] The court will not issue an advisory opinion based on generalized allegations of Defendant's failure to produce discovery. The rules provide a process

---

[13] Docket no. 96 at 2 (describing the First Motion to Compel).

for discovery and a remedy for review of violations of those rules. If Plaintiffs believe that Defendant has failed to produce discovery in response to specific responses, they must file a motion based on a discrete dispute. The First Motion to Compel is therefore denied.

###### e. Second Motion to Compel

In the Second Motion to Compel, Plaintiffs seek an order compelling responses to requests related to: a) Ariix, LLC ("Ariix") (Requests for Production ("RFP") Nos. 17, 18, 22, 23, 29, and Interrogatory No. 8) (collectively, the "Ariix Requests"); and, b) USANA's enforcement action related to the handling of distributorship sales (RFP Nos. 20, 21, 26, and Interrogatory Nos. 5, 8, and 11) (collectively, the "Other Requests"). Plaintiffs' arguments in the Second Motion to Compel focus solely on the relevance of the requested discovery. However, relevance is only one part of the standard for permitted discovery under rule 26(b). Defendant has legitimately raised objections on the basis of proportionality and undue burden. Accordingly, the Second Motion to Compel is denied. Nothing in this order prevents Plaintiffs from refiling their motion if they wish to address the other objections raised by Defendant.

## II.　USANA's Motions

The court next addresses the motions filed by USANA.

###### a. Motion re: Interrogatories

The Motion re: Interrogatories seeks an order compelling Plaintiffs to completely respond to Interrogatory Nos. 1, 2, 3, 5, 6 7, 9, 10, and 12. The instructions for the Interrogatories served by Defendant define the term "identity" or "identify" as follows:

> With respect to a person or persons, to state (a) full name; (b) occupation, title or job description and date(s) of employment; (c) present or last known business and home addresses and telephone numbers; and (d) personal and business e-mail address(es);

5

> With respect to a corporation or other entity, to state its (a) full name; (b) form of entity (i.e., corporation, partnership, etc.); (c) type of business engaged in; (d) present business address and telephone number; and (e) any website, email address or other electronic means you used to communicate with it. [14]

In response to Interrogatory Nos. 1, 2, 5, 6, 7, and 12, Plaintiffs have not provided all the information requested by Defendant in identifying the person or persons, or corporation or other entity responsive to each Interrogatory. The court concludes that the information sought by Defendant is relevant, proportional, and not unduly burdensome. Plaintiffs' objections that the information sought regarding the identified persons and entities is already known by USANA, publicly available, or previously provided, do not change the analysis.

In response to Interrogatory Nos. 3, 9, and 10, Plaintiff insists that they have provided "sufficient" responses to these Interrogatories. The court disagrees. The information sought by Interrogatory Nos. 3, 9, and 10, is relevant and proportional.  Plaintiffs cannot avoid providing relevant, discoverable information by unilaterally limiting the scope of the requests or producing only those documents they believe are "sufficient to show Ms. Strand's income" during the requested time frame.

Accordingly, the Motion re: Interrogatories is granted, and Plaintiffs shall provide complete responses to Interrogatory Nos. 1, 2, 3, 5, 6 7, 9, 10, and 12 within fourteen (14) days of the date of this order.

### b.  Motion re: 30(b)(6) Depositions

In its Motion re: 30(b)(6) Depositions, Defendant seeks an order staying the 30(b)(6) depositions and requiring Plaintiffs to withdraw and re-serve their 30(b)(6) deposition notices

---

[14] Docket no. 71-2 at 3.

(the "Notices") as a single updated notice. Defendant argues that the topics identified in the two notices served by Plaintiffs are not specific enough to allow Defendant to designate representatives, and that some topics are more properly served as interrogatories. The court concludes that the Notices should be withdrawn and re-served. However, the court will not make any ruling on the specificity of individual topics, or whether certain topics are better served as interrogatories. Instead, the Motion re: 30(b)(6) Depositions is granted in part and denied in part. Plaintiff shall withdraw the Notices and re-serve a single 30(b)(6) deposition notice, and Plaintiffs shall have seven (7) hours total to depose Defendant's 30(b)(6) witnesses. Defendant may designate as many 30(b)(6) witnesses it needs to in order to address the topics Plaintiffs identify in their renewed 30(b)(6) notice.

### c. RFP Motion

Finally, Defendant's RFP Motion seeks an order compelling Plaintiffs to produce all information responsive to their requests for production ("RFP") Nos. 1-16 and 18. Plaintiffs argue that they should not be required to supplement their responses because they have "done what they promised"[15] in responding to the RFPs. Again, Plaintiffs are not entitled to decide what information is "sufficient" when Defendant has requested relevant, discoverable documents, as it has done here. Nor can Plaintiffs object to producing documents without identifying which documents are being withheld on the basis of each objection. Accordingly, the RFP Motion is granted. Plaintiffs shall amend their responses to the RFPs as detailed below.

---

[15] Docket no. 78 at 2.

## CONCLUSION

In summary, for the reasons set forth above, the court ORDERS as follows:

1. Plaintiffs' ESI Motion[16] is hereby DENIED;

2. Plaintiffs' Original Motion to Stay[17] is hereby MOOT;

3. Plaintiffs' Amended Motion to Stay[18] is hereby GRANTED. The parties are ORDERED to meet and confer to find a mutually agreeable date to reschedule the deposition within thirty (30) days of the date of this order. If the parties cannot agree, either party may file a motion and the court will set a date for the deposition;

4. Plaintiffs' Motion to Quash[19] is hereby GRANTED;

5. Plaintiffs' First Motion to Compel[20] is hereby DENIED;

6. Plaintiffs' Second Motion to Compel[21] is hereby DENIED;

7. Defendant's Motion re: Interrogatories[22] is hereby GRANTED. Within fourteen (14) days of the date of this order, Plaintiffs are ORDERED to amend their responses to Interrogatory Nos. 1, 2, 3, 5, 6, 7, 9, 10, and 12 and provide all responsive information;

---

[16] *See* docket no. 65.

[17] *See* docket no. 74

[18] *See* docket no. 80.

[19] *See* docket no. 79.

[20] *See* docket no. 81.

[21] *See* docket no. 96.

[22] *See* docket no. 71.

8. Defendant's Motion re: 30(b)(6) Depositions[23] is hereby GRANTED IN PART and DENIED IN PART. Plaintiffs shall have seven (7) hours total to depose Defendant's 30(b)(6) witnesses.

9. Defendant's RFP Motion[24] is hereby GRANTED. Plaintiffs are ORDERED to, within fourteen (14) days of the date of this order:

    a. Amend their responses to Defendant's RFP to identify whether any documents are being withheld on the basis of each objection;

    b. Amend their responses to Defendant's RFP Nos. 3, 5-10, 12, and 14 and produce all responsive, non-privileged documents without limiting the requested time period; and

    c. Amend their responses to Defendant's RFP Nos. 2, 4, 15, 16, and 18 and produce all responsive, non-privileged documents.

IT IS SO ORDERED.

DATED this 28th day of June, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[23] *See* docket no. 70.

[24] *See* docket no. 72.