IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH STRAND and AMARA ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> USANA HEALTH SCIENCES, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:17-cv-00925-HCN-PMW <br><br> District Judge Howard C. Nielson, Jr. <br> Chief Magistrate Judge Paul M. Warner |

District Judge Howard C. Nielson, Jr. referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant USANA Health Science Inc.'s ("Defendant" or "USANA") Short Form Discovery Motion to Compel Ariix, LLC's ("Ariix") Responses to Third-Party Subpoena.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the Motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket nos. 23 and 113.

[2] *See* docket no. 110.

## BACKGROUND

Elizabeth Strand and Amara Enterprises, Inc. ("Plaintiff(s)") entered into a Distributor Agreement with USANA in 1995.[3] From 1995 to 2011, Plaintiff ran a business selling USANA products and recruiting down-line associates, generating revenues of approximately $1 million a year for USANA.[4] In 1995, Plaintiff's husband, Dr. Strand, also began consulting for and speaking on behalf of USANA as an independent nutrition expert.[5] Dr. Strand's consulting agreement was nonexclusive and independent from Plaintiff's Distributorship Agreement with USANA.[6]

In or around May 2011, several key executives resigned from USANA to launch their own multi-level marketing company, Ariix, LLC.[7] Around this same time, Ariix entered into discussions with Dr. Strand about possible consultant opportunities, and Dr. Strand agreed to participate in a webinar for Ariix to promote its products.[8] The webinar was scheduled to take place on August 9, 2011.[9] Leading up to the webinar, USANA notified Dr. Strand that the "household clause" in Plaintiffs' contract prohibited Dr. Strand from promoting USANA

---

[3] *See* docket no. 40 at ¶¶ 7-8, 13.

[4] *See id.* at ¶¶ 14-15, 19.

[5] *See id.* at ¶¶ 20-21.

[6] *See id.* at ¶ 20.

[7] *See id.* at ¶ 28.

[8] *See id.* at ¶¶ 29, 48.

[9] *See id.*

competitors, especially Arrix.[10] Plaintiffs' Distributor Agreement allegedly does not contain a household clause; however, USANA's policies and procedures do include a provision which states: "If any member of an Associate's immediate household (an Associate's spouse or dependents) engages in any activity, which, if performed by the Associate, would violate any provision of the Associate Agreement, such activity will be deemed a violation by the Associate."[11]

In July 2011, Plaintiff initiated the process to sell the distributor business, pending USANA's approval of the sale.[12] Plaintiff anticipated the sale would be complete by no later than July 26, 2011, based on certain representations made by USANA.[13]

The approval process took longer than anticipated, and on August 6, 2011, the prospective buyer withdrew the offer.[14] On August 8, 2011, USANA warned Plaintiff that Dr. Strand's participation in the impending webinar would constitute a breach of her contract.[15] On August 9, 2011, Dr. Strand participated in the webinar with Ariix as planned.[16] On or around

---

[10] *See id.* at ¶ 31.

[11] Docket no. 40 at ¶ 32.

[12] *See id.* at ¶¶ 42-43.

[13] *See id.* at ¶¶ 43-44.

[14] *See id.* at ¶¶ 45-47.

[15] *See id.* at. ¶ 48.

[16] *See id*. at ¶ 49.

September 8, 2011, Plaintiff received a letter terminating her Distributor Agreement for breach of contract, citing Dr. Strand's activities on behalf of Ariix as the cause.[17]

Plaintiff filed the instant lawsuit against USANA alleging breach of contract and breach of the implied covenant of good faith and fair dealing.[18] Plaintiff claims she did not breach the Distributor Agreement and that Defendant did not have cause to terminate the contract.[19] Plaintiff asserts even if the household clause applies, USANA waived its right to enforce the clause by failing to do so through the parties' relationship.[20]

The pending Motion to Compel concerns Defendant's subpoena for production of documents served upon non-party Ariix on October 16, 2018,[21] and responded to by Ariix on October 31, 2018.[22] By the instant Motion, Defendant challenges Ariix's objections and refusal to comply with its Requests for Production of Documents No. ("Requests") 2, 3, 4, 5, 6, 7, 8, and 9.[23] Defendant also contends Ariix's response to Request 1 is incomplete.[24] Defendant moves the court for an order compelling Ariix to respond fully to its discovery Requests,[25] and

---

[17] *See* docket no. 40 at ¶ 51.

[18] *See* docket nos. 2 and 40.

[19] *See* docket no. 40 at ¶¶ 63, 66.

[20] *See id.* at ¶ 66.

[21] *See* docket no. 110-2.

[22] *See* docket no. 110-3.

[23] *See* docket nos. 110, 118, and 124.

[24] *See id.*

[25] *See id.*

for an award of reasonable attorneys' fees.[26] Ariix contends that the Motion to Compel should be denied because it seeks information that is not relevant to Plaintiffs' claims, the Requests are overly broad and the requested disclosures would be unduly burdensome, the requested disclosures are duplicative and can be obtained elsewhere, the requested disclosures would require revealing confidential and/or privileged information, and/or responsive documents have already been produced.[27] Ariix also moves the court for an award of reasonable attorneys' fees.[28] The Motion to Compel will be granted in part and denied in part, as described below.

## **DISCUSSION**

The Motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

Pursuant to Fed. R. Civ. P. 45, nonparties to litigation may be served a subpoena commanding them to produce designated documents, electronically stored information, or tangible things in their possession, custody, or control. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). "[I]t is well established that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *Chichakli v. Samuels*, No. CV-15-687-D, 2017 WL

---

[26] *See* docket nos. 118 and 124.

[27] *See* docket nos. 111 and 120.

[28] *See id*.

5

9988971, at *2 (W.D. Okla. Apr. 17, 2017); *see also XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-MC-221-JWL-TJJ, 2016 WL 6718076, at *3 (D. Kan. Nov. 15, 2016).

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevancy is broadly construed at the discovery stage and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant" to a party's claim or defense. *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991). That said, if the requested discovery is "unreasonably cumulative or duplicative, or can be obtained from a source that is more convenient, less burdensome, or less expensive," the court is required to limit the frequency or extent of discovery. Fed. R. Civ. P. 26(b)(2)(C)(i). The court should also consider whether the request is proportional based on the "needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

**I.    GENERAL OBJECTIONS**

    A.    <u>Overly Broad and Unduly Burdensome</u>

Ariix argues Defendant's definitions of "documents" and "communications" are impermissibly broad. On this basis, Ariix objects to Requests 1, 2, 3, 7, 8, and 9 as overly broad and unduly burdensome.[29] While the court recognizes that "[c]ompliance with a subpoena inevitably involves some measure of burden to the producing party[,]. . . the court will not deny

---

[29] *See* docket nos. 110-3, 111, and 120.

a party access to relevant discovery because compliance inconveniences a nonparty or subjects it to some expense." *Ficep Corp. v. Haas Metal Eng'g, Inc.,* No. 14-243-CM, 2015 WL 566988, at *3 (D. Kan. Feb. 11, 2015). The party resisting discovery "has the burden to show compliance would cause undue burden, typically by presenting an affidavit or other evidentiary proof of the time and expense involved in responding to the subpoena." *In re EpiPen Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2018 WL 3620766, at *3 (D. Kan. July 30, 2018).

Ariix contends "documents" and "communications" as defined in the subpoena are too expansive, and compliance with its terms would require Ariix to "spend hundreds, if not thousands, of hours searching for various items."[30]

The subpoena defines "documents" as:

> all writings including any handwriting, typewriting, printing, photo stating, photographing, photocopying, transmitting by electronic mail, text messages, SMS text messages, messages, instant messaging, social media posts, social media messaging, Snapchats, tweets, blogs, other forms of electronic communications, or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored. The term "documents" shall expressly include, without limitation, all communications as defined below. Without limiting the scope of the foregoing, the word "documents" shall include all originals, copies and drafts of all notes, memoranda, correspondence, advertisements, circulars, brochures, ledgers, journals, minutes, books, telephone slips, expense accounts, time sheets, telegrams, cables, text messages, social media posts and messages, tweets, blogs, publications, photographs, microfilm prints, contracts, manuals, recordings, tapes, transcripts, affidavits, bills, receipts, prescriptions,

---

[30] Docket no. 120 at 9.

> diagnosis, checks, memoranda of telephone or other conversations by or with any person(s) any other pertinent information set forth in written language or any electronic or magnetic representation thereof.[31]

The subpoena defines "communications" as:

> any written or oral expression, statement or utterance of any nature whatsoever, including, but not limited to, correspondence, conversations, telecommunications, text messages, SMS text messages, iMessages, instant messaging, social media posts, social media messaging, Facebook posts or messages, Snapchats, audio recordings, voice memos, video posts, tweets, blogs, and other forms of electronic communications.[32]

The court sees nothing in these definitions that would make them overbroad to the point of creating an undue burden. Ariix enumerates, generally, the various documents and possible storage locations that it would have to search through and concludes without support that compliance would require "hundreds, if not thousands, of hours" of labor. Beyond noting the number of *possible* places relevant documents or communications may be located, Ariix has submitted no explanation, let alone an affidavit or other proof, demonstrating that responding to the referenced discovery Requests would impose an undue burden. The mere assertion that Ariix will be burdened by compliance with the subpoena is not sufficient to show an undue burden, and cannot serve as grounds to object. Accordingly, the overly broad and unduly burdensome objections are overruled.

---

[31] Docket no. 110-2 at ¶ 2.

[32] Docket no. 110-2 at 3.

B.  Confidential or Privileged Information

Ariix objects to Requests 1, 2, 3, and 6 on grounds they would require disclosure of confidential or privileged information.[33] Ariix claims disclosing "the identities of customers, profits and other sensitive information" to USANA, a business competitor, "would give USANA a competitive advantage."[34] Additionally, compliance would "require disclosure of communications with counsel as the [subpoena's definition of] "Ariix" includes its attorneys."[35]

Fed. R. Civ. P. 45 provides, in pertinent part, the court may, on motion, quash or modify the subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). However, "[t]here is no absolute privilege for trade secrets and similar confidential information." *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981). The party resisting discovery must first show that the information sought is confidential information and then demonstrate that its disclosure might be harmful. *See id.* If these requirements are met, then the burden shifts to the party seeking the discovery to show that disclosure of the confidential information is relevant and necessary to the action. *See id.*

As for claims of privilege, Fed. R. Civ. P. 26 requires a party withholding otherwise discoverable information based on a claim of privilege to: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or

---

[33] *See* docket nos. 110-2, 111, and 120.

[34] Docket no. 111 at 2-3.

[35] *Id.*

disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)

Ariix has not provided any support for its claims that the information sought from USANA is confidential business information aside from pointing out that USANA is a business competitor. Therefore, on the exceptionally sparse record presented on the issue, the court is unable to make a finding that the information sought is confidential. Moreover, a standard protective order applies in every case involving the disclosure of any information designated as confidential, *see* DUCivR 26(a)(1), and exists to address these exact types of controversies.[36]

Ariix also has not properly asserted a claim of privilege or otherwise identified which documents are withheld. Notwithstanding, attorney communications are not categorically undiscoverable and are protected by privilege only under certain conditions. Accordingly, Ariix's confidential and privileged information objections are overruled.

## II. SPECIFIC OBJECTIONS

### A. Request 1

Request 1 seeks "all documents, including without limitation communications, relating to the Webinar, including without limitation documents reflecting the identify of participants, marketing materials, documents reflecting the planning of or preparation for the Webinar, any

---

[36] The court assumes the protective order to which Defendant mentions Ariix utilizing to respond to other discovery requests, *see* docket no. 118 at 5, is the Standing Protective Order effective by virtue of DUCivR 26-2(1) as it was unable to find any other protective order otherwise entered in this case.

associates joining Ariix as a result of the Webinar, any sales to Ariix as a result of the Webinar, and any recordings of the Webinar itself."[37]

Ariix asserts it already provided the "marketing/advertising materials" for the webinar and a copy of the webinar and "does not have any other responsive documents to this request."[38] Defendant counters that Ariix has unilaterally limited the scope of the Request.[39] The court agrees with Defendant. Ariix's response is silent as to the portion of the Request that seeks the identity of webinar participants, associates recruited from the webinar, and webinar sale results. Ariix's response does not clarify what, if any, responsive documents have been withheld, or if all non-privileged responsive documents in its possession have been produced. As such, this portion of Defendant's Motion is granted. Ariix is directed to fully respond to Request 1 within 30 days from the of this order.

      B.    <u>Requests 2 and 6</u>

Request 2 seeks "all documents, including without limitation communications, from January 1, 2010 to January 1, 2012 relating to Dr. Strand contracting with, joining, or otherwise providing services to Ariix." Request 6 seeks "all communications between [Ariix] and Dr. Strand from January 1, 2010 to January 1, 2012." Ariix objects to these Requests on relevancy grounds.

---

[37] Docket no. 110-2 at 8.

[38] Docket no. 120 at 5.

[39] *See* docket no. 124 at 4.

Ariix argues the requested documents are irrelevant to the allegations of the complaint because it is undisputed Dr. Strand participated in the webinar and "[b]y its own admissions, USANA terminated Plaintiffs' distributorship on September 8, 2011, for the sole reason that Dr. Strand participated in a single Webinar for Ariix on August 9, 2011, allegedly in violation of section 3.6 of USANA's policies or procedures."[40] On account of this, Ariix suggests the relevant and discoverable issues should be confined to the terms of the Distributor Agreement and whether Dr. Strand's actions amounted to a material breach of Plaintiff's contract. Ariix also asserts the "timeframes that are irrelevant to the allegations of the complaint."[41]

As previously indicated, relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 2018 WL 3620766, at *2. Conversely, when relevancy is not

---

[40] Docket no. 120 at 8.

[41] Docket no. 110-3; *see* docket no. 111.

apparent on its face, the requesting party has the burden to show the relevancy of the request. *See id.*

The requested discovery is relevant on its face to Defendant's defense that it properly terminated Plaintiff for breach of contract. Specifically, the information sought is relevant to determining the nature of Dr. Strand's relationship with Ariix, how the webinar compares to prior work with USANA competitors, and if the conduct amounts to a material violation. The court finds the time period, from January 1, 2010, to January 1, 2012, sufficiently linked to the subject matter and relevant to the claims at issue. The court also finds the two-year timeframe reasonably calculated to lead to discovery of relevant information regarding the development, formation, and nature of the business relationship. Accordingly, this portion of Defendant's Motion is granted. Ariix shall produce documents responsive to Requests 2 and 6 within 30 days from the date of this order.

C. Requests 3 and 7

Request 3 seeks "all documents, including without limitation communications, from January 1, 2010 to January 1, 2012 relating to Plaintiffs contracting with, joining, or otherwise providing services to Ariix." Request 7 seeks "all communications between Ariix and Plaintiffs from January 1, 2010 to January 1, 2012." Ariix asserts relevancy, unreasonably cumulative, and unduly burdensome objections to these Requests.

Ariix asserts the timeframe in the Requests is not relevant to Plaintiffs' allegations.[42] Based on the court's understanding of the facts, claims, and defenses alleged in this action, the

---

[42] *See* docket nos. 110-3 and 111.

court finds the timeframe sufficiently related to the subject matter, and reasonably confined to the allegations of the complaint. The court finds the Requests relevant on their face to the claims and defenses.

Next, Ariix asserts the Requests are unreasonably cumulative or duplicative, and can be obtained more conveniently from Plaintiffs to avoid unnecessarily burdening a non-party.[43] As previously discussed, the Requests are limited sufficiently by timeframe and scope so that they do not to place an undue burden upon Ariix. Moreover, the court rejects Ariix's unsupported assertion that every document requested by the subpoena could be obtained by Plaintiffs. To the extent Defendants seeks Ariix's internal documents, communications, deliberations, and agreements with not only Plaintiff but other non-parties, there would be no duplication. In addition, Ariix is not in a position to know what other parties will produce, or whether a particular document may differ in version or have additions or omissions when coming from two different sources. For the foregoing reasons, this portion of Defendant's Motion is granted. Ariix shall provide complete responses to Requests 3 and 7 within 30 days from the date of this order.

### D. Requests 4, 5, and 9

Ariix alleges it has already produced documents responsive to these Requests on November 12, 2018.[44] Defendant counters that this is the first time Ariix has asserted it

---

[43] *See* docket nos. 110-3 at 3, 111 at 2, and 120 at 6.

[44] *See* docket no. 120 at 3-4.

produced any documents in response to Requests 4, 5, and 9.[45] After carefully reviewing the memoranda, the court is unable to determine whether or not responsive documents to these Requests were included in the November 12, 2018 production. Compounding the confusion, Ariix objects to Request 9 while simultaneously asserting responsive documents have been produced.[46] It is also unclear whether Ariix has produced all, or just some, responsive documents in its possession. In general, the court acknowledges a need for clarity.

Since Ariix's position is that documents responsive to these Requests have already been produced, the court grants this portion of Defendant's Motion, but will only require Ariix to identify by bates number, or otherwise specify, the documents responsive to Requests 4, 5, and 9 that have already been produced. If documents responsive to Requests 4, 5, and 9 have not been produced, Ariix should produce responsive documents or appropriately indicate that no such documents exist. Ariix shall provide complete responses to these Requests, in the manner described, within 30 days from the date of this order.

      E.      <u>Request 8</u>

Request 8 seeks "all communications between Ariix and any person or entity from January 1, 2010 to January 1, 2012 relating or referring to Dr. Strand and/or Plaintiffs." Ariix asserts the Request is overly broad.[47] The court has reviewed Request 8 and concludes that the Request is overly broad on its face. The Request is not restricted to a specific entity or

---

[45] *See* docket no. 124 at 2-3.

[46] *See* docket no. 120 at 4.

[47] *See* docket nos. 110-3 at 4 and 120 at 8.

reasonably limited to certain category of possible persons. Instead, it seeks communications between Ariix and *any* persons or entity relating or referring to Dr. Strand and/or Plaintiffs. Therefore, this portion of Defendant's Motion is denied. Ariix is not required to produce documents in response to Request 8.

### III. EXCHANGE OF DISCOVERY

In general, there appears to be a dispute regarding what information Ariix previously agreed to provide and whether this information has been produced.[48] Based on the papers, the court cannot say with certainty which documents Ariix agreed to produce or whether Defendant has received them. As such, and in attempt to resolve the discovery disputes regarding the subpoena in their entirety, the court orders Ariix to, within 30 days from the date of this order, produce all documents previously agreed to or otherwise required pursuant to this order. Once Ariix has done so, it shall provide a sworn declaration to Defendant to that effect.

### IV. REQUESTS FOR AN AWARD OF REASONABLE EXPENSES

Ariix requests an award of attorneys' fees and costs incurred in responding the Motion,[49] and Defendant requests an award of attorneys' fees and costs "in light of Ariix's request for fees."[50] The court has granted portions of Defendant's Motion, while denying other parts. Accordingly, Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure governs any potential award of reasonable expenses. While that rule does allow the court to apportion an award of

---

[48] *See* docket nos. 118 at 5-9, 120 at 2-8, and 124 at 2.

[49] *See* docket nos. 111 at 3 and 120 at 3, 9.

[50] *See* docket no. 118 at 10.

reasonable expenses, the court declines to do so here. Therefore, both requests for an award of fees are denied.

## **CONCLUSION AND ORDER**

Based on the foregoing, Defendant USANA Health Science Inc.'s Short Form Discovery Motion to Compel ARIIX, LLC's Responses to Third-Party Subpoena[51] is hereby **GRANTED** in part and **DENIED** in part, as detailed above.

**IT IS SO ORDERED.**

DATED this 26th day of November, 2019.

BY THE COURT:

Paul M. Warner
Chief United States Magistrate Judge

---

[51] *See* docket no. 110.