IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH STRAND and AMARA ENTERPRISES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>USANA HEALTH SCIENCES, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-00925-HCN-PMW<br><br>District Judge Howard C. Nielson, Jr.<br>Chief Magistrate Judge Paul M. Warner |

District Judge Howard C. Nielson, Jr. referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Elizabeth Strand and Amara Enterprises, Inc. ("Plaintiff" or "Plaintiffs") and Non-Party Dr. Ray Strand's ("Dr. Strand") Short Form Motion to Quash USANA's ("Defendant") Subpoena on Black Hills Federal Credit Union ("BHFCU") and Casey Peterson & Associates ("Peterson").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f). For the following reasons, the motion is denied in part and granted in part.

## **BACKGROUND**

The factual background of this case has been adequately described in the court's prior

---

[1] *See* Docket Nos. 23 and 113.
[2] *See* Docket No. 143.

order and need not be repeated at length here. *See* November 26, 2019 Memorandum Decision and Order.[3] The pending motion to quash involves two subpoenas issued by Defendant to (1) BHFCU, Plaintiff and Dr. Strand's financial institution, and (2) Peterson, Plaintiff and Dr. Strand's accountant. According to Plaintiff, the subpoenas seeks "sensitive, confidential tax and financial information from years before her improper termination to the present; as well as any communications they may have had with these entities relating to this case or MLMs generally."[4] Plaintiff and Dr. Strand also assert Defendant did not provide non-party Dr. Ray Strand with notice of intent to serve the subpoena.[5] Plaintiff and Dr. Strand contend the subpoenas should be quashed because the information is not relevant to the claims, is a privacy invasion into Plaintiff and Dr. Strand's financial affairs, and Peterson is "prohibited from producing clients' confidential information absent consent."[6] Plaintiff also allege materials to ascertain her income have already been produced.[7]

## **DISCUSSION**

Before addressing the motion, the court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

---

[3] Docket No. 223.
[4] Docket No. 143, at 2.
[5] *See id.*
[6] *See id.*
[7] *See id.* at 2-3.

2

> likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The bank records and tax documents sought are relevant to Plaintiffs' claims for damages in this case. Where a plaintiff claims damages based on lost wages or income, the defendant is entitled to pursue discovery related to the alleged loss. *See, e.g., Whatcott v. City of Provo,* 171 F.App'x 733, 736 (10th Cir.2006) (unpublished opinion). Although Plaintiff produced "materials sufficient to show income and revenue," it is not for Plaintiff to unilaterally decide which materials are sufficient and ignore all other requests otherwise.

Additionally, Plaintiff opened herself up to discovery concerning her income and employment by filing this lawsuit. Plaintiff and Dr. Strand undoubtedly have privacy interests in their financial records; however, these privacy interests must yield to the Federal Rules of Civil Procedure. *See Conopco, Inc. v. Wein*, No. 05-CV-9899, 2007 WL 2119507, at *2 (S.D.N.Y. July 23, 2007) (denying motion to quash subpoena for personal bank records of RICO defendant and her husband); *Hackmann v. Auto Owners Ins. Co.,* No. 2:05-cv-876, 2009 WL 330314, at *2 (S.D. Ohio Feb. 6, 2009) ("that papers are personal, or even confidential, is not grounds for quashing a subpoena"); *Laborers' Pension Fund v. Quality Gen. Constr., Inc.,* No. 02 C 7374, 2004 WL 1151616, at *1 (N.D. Ill. Apr. 2, 2004) (denying motion to quash subpoena for bank records of defendant and wife asserting that subpoena was overbroad for failure "to distinguish between corporate accounts and personal accounts").

The court finds that any privacy concerns Plaintiff has relative to discovery of confidential financial information in the context of this litigation (as well as any privacy concerns relating to Dr. Strand's confidential information) are sufficiently addressed by the Standing Protective Order. The argument concerning notice of subpoenas is unpersuasive because Plaintiffs' counsel, who also represents Dr. Strand, received notice.

For the above reasons, the motion to quash the subpoena to BHFCU and the subpoena to Peterson in their entirety is denied. However, the court finds portions of the subpoenas that request BHFCU and Peterson's communications to be overly burdensome. *See* Fed. R. Civ. P. 45(d)(3)(iv) (stating a court may quash a subpoena that subjects a person to undue burden). Specifically, requests 3 and 4 of the BHFCU subpoena and requests 5, 6, 7, and 8 of the Peterson subpoena are overly burdensome because they are non-parties to the case, and fully responding to these requests appears that it would require substantial effort and time. The requested documents are directly within the purview of BHFCU and Peterson's job descriptions, and are readily available, while the requested communications are not. To comply with the subpoena BHFCU and Peterson would have to sift through and compile communications from an unknown number of sources which imposes a substantial burden upon the entities that is not necessary or proportional to the needs of the case. Accordingly, BHFCU and Peterson are directed to respond to the subpoena requests that relate to financial documents only and are excused for responding to requests for communications.

## CONCLUSION AND ORDER

In summary, and as detailed above, IT IS HEREBY ORDERED:

1. Plaintiffs' motion to quash is DENIED in part and GRANTED in part.

4

2. BHFCU shall respond to discovery requests 1 and 2 contained in the subpoena within 30 days from the date of this order.

3. BHFCU is excused from responding to discovery requests 3 and 4 contained in the subpoena.

4. Peterson shall respond to discovery requests 1, 2, 3, and 4 contained in the subpoena within 30 days from the date of this order.

5. Peterson is excused from responding to discovery requests 5, 6, 7, and 8 contained in the subpoena.

IT IS SO ORDERED.

DATED this 2nd day of January, 2020.

BY THE COURT:

_____
Paul M. Warner
Chief United States Magistrate Judge