IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH STRAND and AMARA ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> USANA HEALTH SCIENCES, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:17-cv-00925-HCN-PMW <br><br> District Judge Howard C. Nielson, Jr. <br> Chief Magistrate Judge Paul M. Warner |

District Judge Howard C. Nielson, Jr. referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant USANA Health Science Inc.'s ("Defendant") Short Form Discovery Motion to Compel Dr. Ray Strand's ("Dr. Strand") Responses to Third-Party Subpoena.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f). For the following reasons, Defendant's motion is granted in part and denied in part.

## BACKGROUND

The factual background of this case has been adequately described in the court's prior order, and need not be repeated at length here. *See* November 26, 2019 Memorandum Decision

---

[1] *See* Docket Nos. 23 and 113.
[2] *See* Docket No. 145.

and Order.[3] The pending motion to compel concerns Defendant's subpoena for production of documents served upon non-party Dr. Strand on November 5, 2018.[4] Defendant seeks to compel responses from Dr. Strand to its Requests for Production No. 1–12 ("Requests"). The Requests generally seek information regarding Dr. Strand's promotional activities for various nutritional products and related business relationships. The Requests also seek financial information and multifarious communications. In response, Dr. Strand avers he has already produced 9,602 documents, 71,859 pages, and a privilege log to Defendant in response to the subpoena.[5] He asserts the instant motion to compel is a "fishing expedition into [his] private and business affairs" which is beyond the scope of discovery and contrary to Rule 45(d).[6] To the extent Dr. Strand has not produced responsive documents already, Dr. Strands objects on grounds of relevancy and overbreadth.[7]

## **DISCUSSION**

The motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

Pursuant to Fed. R. Civ. P. 45, nonparties to litigation may be served a subpoena commanding them to produce designated documents, electronically stored information, or tangible things in their possession, custody, or control. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). "[I]t

---

[3] Docket No. 223.
[4] *See* Docket No. 145-2.
[5] *See* Docket No. 159, at 1.
[6] *Id*. at 2.
[7] *See id*.

is well established that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *Chichakli v. Samuels*, No. CV-15-687-D, 2017 WL 9988971, at *2 (W.D. Okla. Apr. 17, 2017); *see also XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-MC-221-JWL-TJJ, 2016 WL 6718076, at *3 (D. Kan. Nov. 15, 2016).

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevancy is broadly construed at the discovery stage and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant" to a party's claim or defense. *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991). The court should consider whether the request is proportional based on the "needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

### A. Dr. Strand's Supplemental Objections to the Subpoena

Defendant argues that Dr. Strand waived his objections because the objections were not served within 14 days after service of the subpoena as required by Rule 45.[8] Instead, Dr. Strand asserted written objections (referred to by the parties as supplemental objections) after his initial response to subpoena.[9] Accordingly, Defendant contends Dr. Strand's supplemental objections should not be considered.[10]

---

[8] *See* Docket No. 145, at ¶ 6.
[9] *See id.*
[10] *See id.*

"The failure to serve written objections to a subpoena within the time specified by Rule 45 [of the Federal Rules of Civil Procedure] typically constitutes a waiver of such objections." *Am. Elec. Power Co. v. United States,* 191 F.R.D. 132, 137 (S.D. Ohio 1999). However, in unusual circumstances and for good cause, the failure to act timely will not bar consideration of objections. *See id.* (quotations and citations omitted). Such unusual circumstances have been found in cases "where: (1) the subpoena is overbroad on its face and exceeded the bounds of fair discovery, (2) the subpoenaed witness is a nonparty acting in good faith, and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *Id*.

Dr. Strand is a nonparty to the underlying litigation. Although this status does not excuse Dr. Strand's obligation to comply with the applicable rules, it does merit consideration. Further, there is no indication that Dr. Strand has acted in bad faith as he has already produced approximately 71,859 pages to Defendant. Finally, Defendant has not alleged it was prejudiced in any way by the belated objections and Dr. Strand maintains his counsel and Defendant's counsel "discussed the supplemental objections within the time prescribed under Rule 45 for making objections."[11] In consideration of the foregoing, the court declines to find Dr. Strand waived his objections. Accordingly, this portion of Defendant's motion to compel is denied.

**B.      Timeframe**

Requests 1, 2, and 4–11 seek information from an assortment of time periods ranging from January 1, 1995, the year Dr. Strand began working with USANA, to the present. Defendant asserts Dr. Strand's responses to these Requests have been unilaterally limited to a

---

[11] Docket No. 159, at 3.

particular time period, from July 1995, the month Dr. Strand began working with USANA, to September 8, 2011, the date Plaintiff's distributor agreement was terminated.[12] Defendant argues that it is entitled to information up to the present because "[a] central issue in the case is whether USANA terminated Plaintiff's distributorship for violating a provision preventing marketing by Plaintiffs or family members, including Dr. Strand—conduct believed to have continued after September 2011"[13] and " post-September 2011 conversations with Plaintiffs' network are key to compute alleged damages."[14] In response, Dr. Strand contends the Requests are overbroad because they seek information outside of the timeframe of Plaintiffs' distributorship agreement and his conduct after Plaintiffs' termination is irrelevant to the case.[15]

The court agrees with Dr. Strand and concludes that a discovery period up to the present is not reasonably calculated to lead to the discovery of admissible evidence. Dr. Strand in neither a party to this lawsuit nor a party to the contract at issue. His conduct after the contract was terminated does not bear on the claims and defenses alleged in this case. Based on the chronology of events, the discoverable timeframe, as it relates to this subpoena, shall be from January 1,1995, to January 1, 2012, three months after the termination of Plaintiffs' distributor agreement. The court finds this timeframe is reasonable and proportional as well as consistent with the court's prior order.[16] Accordingly, this portion of Defendant's motion to compel is granted in part and denied in part. Within 30 days from the date of this order, Dr. Strand shall

---

[12] *See* Docket Nos. 145-3 and 159.
[13] Docket No. 145, at ¶ 1.
[14] *See id.*
[15] *See* Docket Nos. 145-3, at ¶ 4 and 159.
[16] *See* Docket No. 223.

supplement his responses to include information from the commencement date as articulated in the Requests to January 1, 2012.

### C. Requests 2, 7, and 12

Requests 3 seeks "all Social Media pages that you have used to market or advertise your Website, to market or advertise your Webinar, to promote or market nutritional products, or that you have used to in any way to promote any MLM, including without limitation documents sufficient to identify the friends or followers of the Social Media page."[17] Request 7 seeks "all documents relating to or evidencing your income since January 1, 2010, including without limitation, W-2s, K-1s, financial statements, tax returns, other tax records or notices, and bank statements and records."[18] Request 12 seeks "all document[sic] sufficient to identify all persons or entities that were members of your Website between January 1, 2010 and the present."[19]

Dr. Strand objects to these Requests as overly broad and irrelevant to the claims and defenses at issue in this case.[20] Defendant asserts the social media pages are relevant to its defense because "Dr. Strand used his website and other social media sites to advertise the Webinar and announce his intent to promote Ariix products;"[21] and the identity of website members "will demonstrate who received such information."[22] Defendant maintains Dr. Strand's financial information "will demonstrate the conduct that Dr. Strand participated in on behalf of

---

[17] Docket No. 145-2, at ¶ 3.
[18] *Id.* at ¶ 7.
[19] *Id.* at ¶ 12.
[20] *See* Docket No. 159, at 2-3; Docket No. 145-3, at 9-10, 13-14, 18-19.
[21] Docket No. 145, at ¶ 2.
[22] *Id.* at ¶ 5.

6

USANA's competitors and may contain information relevant to Plaintiffs' efforts to mitigate damages – to the extent the Strands file joint taxes or work together at Ariix."[23]

The court is not persuaded that the information sought is specifically tailored to matters relevant to claims at issue. The Requests are expansively drafted. They lack proper framing and stray too far from the alleged claims and defenses. While the Requests might yield some relevant material, the sweeping nature of the Requests presents an opportunity to explore matters that, although tangentially related, are not central to the lawsuit. *See* Fed.R.Civ.P. 34(b)(1)(A) (requiring discovery requests to describe what is sought "with reasonable particularity"). Despite the relative liberality of discovery rules, they should not be misapplied to allow fishing expeditions. *See Martinez v. Cornell Corr. of Texas*, 229 F.R.D. 215, 218 (D.N.M. 2005). Here, the Requests seek much more material from a non-party than that required to defend the breach of contract claims or assess damages. Accordingly, this portion of Defendant's motion to compel is denied.

### D.     Request 10

Request 10 seeks "all documents relating to any videos you posted on YouTube between January 1, 2010 and January 1, 2012 referring to or relating to nutritional products or any MLM, including without limitation the videos themselves and documents demonstrating the dates the videos were posted on YouTube, the identity of any person that viewed the video, and the dates the videos were removed from YouTube."[24]

---

[23] *Id.* at ¶ 3.
[24] Docket No. 145-2, at ¶ 10.

Dr. Strand indicates in his response to the motion that he does not have responsive information in his possession.[25] The court cannot compel a party to produce documents that do not exist or that are not that party's possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1) (imposing a duty on the responding party to produce documents that are in the "possession, custody or control of the party"). The court accepts, at face value, Dr. Strand's representation that any responsive information is not within his possession or control; and thus, the court has no basis upon which to compel Dr. Strand to produce any documents in response to this Request. That said, however, Plaintiffs will not be allowed to later use at trial any responsive information supplied by Dr. Strand to Plaintiffs that he now claims is not in his possession or does not exist in response to Defendant.

## **CONCLUSION AND ORDER**

Based on the foregoing, Defendant's Short Form Discovery Motion to Compel Dr. Strand's Responses to Third-Party Subpoena[26] is hereby **GRANTED** in part and **DENIED** in part, as detailed above.

**IT IS SO ORDERED.**

DATED this 2nd day of January, 2020.

BY THE COURT:

_____
Paul M. Warner
Chief United States Magistrate Judge

---

[25] *See* Docket No. 159, at 3.
[26] *See* Docket No. 145.