IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH STRAND and AMARA ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> USANA HEALTH SCIENCES, INC., <br><br> Defendant. | **ORDER** <br><br> Case No. 2:17-cv-00925-HCN-PMW <br><br> District Judge Howard C. Nielson, Jr. <br> Chief Magistrate Judge Paul M. Warner |

District Judge Howard C. Nielson, Jr. referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant USANA Health Sciences, Inc.'s ("Defendant") Short Form Motion to Reconsider the Court's January 2, 2020 Order.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

"A motion for reconsideration is not specifically provided for in the rules of civil procedure." *Lacefield v. Big Planet*, No. 2:06-cv-844-DB, 2008 U.S. Dist. LEXIS 51523, at *1 (D. Utah July 3, 2008). However, it is within the court's discretion to reconsider a previous order.

---

[1] *See* ECF Nos. 23, 113.

[2] *See* ECF No. 259.

*See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

> The Tenth Circuit has indicated that a motion to reconsider is an
>
> > inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed.

*Id*. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. "A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court." *SCO Group, Inc. v. Novell, Inc.*, No. 2:04-cv-139-DAK, 2007 U.S. Dist. LEXIS 68371, at *5 (D. Utah Sept. 14, 2007); *see also Lacefield*, 2008 U.S. Dist. LEXIS 51523, at *2 ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (quotations and citations omitted).

Defendant previously filed a motion to compel non-party Dr. Ray Strand to respond to a subpoena for production of documents served on November 5, 2018.[3] In the order issued on

---

[3] *See* ECF No. 145.

2

January 2, 2020, the court granted in part and denied in part Defendant's motion to compel.[4] The court laid out its reasoning for denying Requests 3 and 12 in the order.[5] Counsel has not addressed these reasons in its motion for reconsideration. Likewise, Defendant has failed to articulate substantive factual or legal grounds for reconsideration. Accordingly, Defendant's motion is denied.

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion for reconsideration[6] is **DENIED**.

IT IS SO ORDERED.

DATED this 10th day of February, 2020.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* ECF No. 248.

[5] *See id*. at 6-7.

[6] *See* ECF No. 259.