IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ELIZABETH STRAND and AMARA ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> USANA HEALTH SCIENCES, INC., <br><br> Defendant. | **REPORT AND RECOMMENDATION** <br><br> Case No. 2:17-cv-00925-HCN-JCB <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Jared C. Bennett |

Before the court is Plaintiffs Elizabeth Strand ("Mrs. Strand") and Amara Enterprises, Inc.'s ("Amara") (together, "Mrs. Strand") Motion for Sanctions for Spoliation of Evidence Including Striking Affirmative Defenses ("Motion for Sanctions").[1] District Judge Howard C. Nielson, Jr. referred the instant motion to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Due to Judge Warner's retirement, this motion is now referred to Magistrate Judge Jared C. Bennett.[3] Under DUCivR 7-1(f), the court has concluded that oral argument is unnecessary and therefore decides the motion on the written memoranda. Having reviewed the parties' briefs and relevant law, the court renders the following Report and Recommendation that the district court deny Mrs. Strand's Motion for Sanctions.

---

[1] ECF No. 152.
[2] ECF No. 283.
[3] ECF No. 312.

## BACKGROUND

Mrs. Strand entered into a distributor agreement with Defendant USANA Health Sciences, Inc. ("USANA") in 1995. From 1995 to 2011, Mrs. Strand ran a business selling USANA products. In June 2011, USANA began compiling a file to determine whether it should terminate its relationship with Mrs. Strand based on alleged misconduct under her distributor agreement.

On September 8, 2011, Mrs. Strand received a letter terminating her Distributor Agreement for breach of contract, citing Dr. Strand's activities on behalf of ARIIX as the cause. Mr. Bramble also emailed the letter ("2011 Email") to Mrs. Strand's attorney, Verne Goodsell. Mr. Bramble wrote the following in the email:

> Both you and the Strands have alluded to potential legal action and you also let me know the Strands are looking to retain counsel in Utah. With this in mind, please let me know if and when I need to communicate with different counsel.[4]

Thereafter, USANA did not hear from Mrs. Strand or Dr. Strand regarding a possible legal claim until March 24, 2017, when it received a letter ("2017 Letter") from Mrs. Strand's new attorney, James Colvin ("Mr. Colvin") .[5] In the 2017 Letter, Mr. Colvin explains:

> I write in regards to the circumstances surrounding the Strands' departure from USANA in 2011. . . . Notwithstanding the Strands' collective confidence in the merit of their claims, they are still truly fans of USANA but feel "a wrong needs to be righted." In this vein, we feel it is more important to discuss a resolution of this matter than it is to argue the details of the decision to terminate Mrs. Strand's distributorship back in 2011. To that end, the Stands are interested in resolving this matter with USANA in as an efficient and peaceful manner as possible. It is our desire, as I'm sure it is USANA's, to resolve this matter short of requiring

---

[4] ECF No. 146-3 at 2.
[5] ECF No. 178 at ¶ 5.

2

> litigation but, time is of the essence. The Strands do not wish to
> unnecessarily harm USANA or its continued business operations
> as much as it their want to continue working toward sustained
> success in their current endeavors.[6]

On August 15, 2017, Mrs. Strand filed the instant lawsuit against USANA alleging

breach of contract and breach of the implied covenant of good faith and fair dealing.[7] Mrs.

Strand claims she did not breach the distributor agreement and that USANA did not have cause

to terminate the contract and, if it did, USANA waived its ability to enforce the contractual

provision on which USANA relied to terminate her distributorship.

After engaging in some discovery, Mrs. Strand now moves for discovery sanctions

against USANA for spoliation of relevant documents. For relief, Mrs. Strand seeks adverse

inference instructions and preclusion of USANA's affirmative defenses and certain evidence.[8]

Mrs. Strand also requests reasonable costs and attorneys' fees.[9] USANA denies Mrs. Strand's

accusations and opposes the motion.

## **LEGAL STANDARD**

Spoliation is the destruction or significant alteration of evidence. A party seeking the type

of sanctions that Plaintiffs seek here based on spoliation of evidence must establish: (1) that the

party having control over the evidence had an obligation to preserve it at the time it was

destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the

---

[6] ECF No. 178-1 at 2.
[7] ECF No. 2.
[8] ECF No. 152 at 7-10.
[9] *Id.* at 10.

destroyed evidence was relevant to the movant's claims or defenses. *Chapman v. BOK Fin. Corp.*, No. 12-CV-613-GKF-PJ, 2014 WL 3548844, at *2 (N.D. Okla. July 17, 2014).

In most cases, the duty to preserve evidence is triggered by the filing of a lawsuit; however, the duty to preserve evidence may arise even earlier if the movant establishes that the opposing party had a "duty to preserve evidence because he knew, or should have known, that litigation was imminent." *Doe v. Okla. City Univ.,* 406 F. App'x 248, 253 (10th Cir. 2010). "For future litigation to be considered imminent, there must be 'more than a mere possibility of litigation.'" *Velocity Press, Inc. v. Key Bank, N.A.*, No. 2:09-CV-520 TS, 2011 WL 1584720, at *2 (D. Utah Apr. 26, 2011) (citation omitted). The party seeking sanctions bears the burden of proving by a preponderance of evidence that the duty to preserve was triggered and that the opposing party failed to preserve evidence or destroyed evidence. *Doe*, 406 F. App'x at 253; *Town & Country Bank, Inc. v. State Auto Property and Cas/Ins. Co.*, No. 2:12-cv-957-RJS-PMW, 2014 WL 495168, * 2 (D. Utah Feb. 6, 2014) (citation omitted).

## ANALYSIS

In the instant motion, Mrs. Strand moves the court to impose the most severe sanctions allowed under Rule 37 against USANA for the alleged spoliation of evidence. However, as shown below, Mrs. Strand fails to show by a preponderance of the evidence that: (I) USANA's duty to preserve evidence was triggered in 2011 and (II) USANA destroyed evidence.

### I.    Duty to Preserve

Mrs. Strand argues that "USANA's duty to preserve arose—at the latest—in the summer of 2011, when [USANA] threatened [Mrs.] Strand and opened a case file to pursue

termination."[10] Mrs. Strand points to Mr. Bramble's statements in the 2011 Email as additional evidence demonstrating that litigation was imminent. The court is not persuaded. Based upon the following analysis, the court finds that (A) the evidence in the record is insufficient to establish the imminence of litigation, and (B) any duty that may have existed expired as a result of the substantial delay in bringing the case.

### A.     Imminence of Litigation

Mrs. Strand has not shown the potential for litigation was ever more than a mere possibility in 2011. As noted above, a duty to preserve only arises when a party is on notice that litigation is imminent. To put a party on notice, the threat of impending litigation must be explicit, unequivocal, and predicated on more than the mere possibility. *Cache La Poudre Feeds LLC v. Land O'Lakes Inc,* 244 F.R.D. 614, 623 (D. Colo. 2007). In *Cache*, the plaintiff's counsel submitted a letter to the defendant explaining the merits of the plaintiff's claims and expressed a desire to resolve the situation without litigation. *Id*. During litigation, the plaintiff alleged that the defendant should have preserved evidence because the pre-litigation letter put the defendant on notice of imminent litigation. *Id*. However, the court found that the "letter must be more explicit and less equivocal" to put a party on notice of imminent litigation. *Id*. Consequently, the court denied the Plaintiff's spoliation motion. Indeed, to impose the game-changing remedies that spoliation motions request—which essentially allow a party to succeed without the requisite evidence—a penalized party must have sufficient notice that litigation is imminent and not merely possible.

---

[10] *Id*. at 5.

Comparing the communications in *Cache* to those alleged in the present case, the court concludes that Mrs. Strand's nonresponse to the 2011 Email followed by an additional six years of silence failed to convey to USANA that future litigation was imminent. Although the 2011 Email suggests the possibility of litigation, no follow-up discussions took place to push the specter of litigation from possible to imminent. In fact, Mrs. Strand remained completely silent after the 2011 Email for six years until sending the 2017 Letter. Even six-years later, the language used to revive the issue minimizes any likelihood of litigation. For example, in the 2017 Letter, counsel conveys that it is Mrs. Strand's "desire" to "resolve this matter short of requiring litigation," and offers words of conciliation that the Strands are "still truly fans of USANA."[11] Although the possibility of litigation can be inferred from the letter, an imminent lawsuit cannot be. These communications are insufficient to trigger a duty to preserve evidence.

###    B.    Substantial Delay

Even assuming *arguendo* that USANA had a duty to preserve, such duty ended during the six-year period wherein no communications took place. A preservation duty does not last indefinitely. *Gaffield v. Wal-Mart Stores E., LP*, 616 F. Supp. 2d 329, 337-38 (N.D.N.Y. 2009)."Any other conclusion would confront a putative litigant with an intractable dilemma: either preserve voluminous records for an indefinite period at potentially great expense, or continue routine document management practices and risk spoliation claim at some point in the future." *Cache La Poudre Feeds,* 244 F.R.D. at 623. A six-year period of silence extinguished any preservation duty that could have existed in 2011. Accordingly, Mrs. Strand has failed to

---

[11] ECF No. 178-1 at 2.

establish by a preponderance of evidence that USANA had a duty to preserve evidence in 2011, which, by itself, defeats her motion.

## II.      Document Destruction

Even if Mrs. Strand has established a duty to preserve, she has not shown that the documents she seeks to discover were destroyed. Mrs. Strand contends that out of the 1,428 documents that USANA produced only 270 documents were "directly responsive" or otherwise relevant to the case. Mrs. Strand then argues that USANA's non-production of certain documents is evidence that USANA destroyed the documents. The court is not persuaded.

Before a party can be sanctioned for not producing documents, the movant for sanctions must show by a preponderance of evidence that there were documents to produce. Because a party cannot be ordered to produce documents that do not exist, *Oldenkamp,* 2008 WL 4682226, at *1, a movant can prevail on a spoliation motion only if she can produce some evidence that documents containing relevant information actually existed and were destroyed. *Schrieber v. Fed. Express. Corp.*, No. 09-CV-128-JHP-PJC, 2010 WL 1078463, at *5 (N.D. Okla. March 18, 2010) (denying spoliation motion based on plaintiff's mere belief that e-mails existed). This is where Mrs. Strand falls short.

Mrs. Strand's proof of spoliation is her mere belief that certain documents must have existed. Mrs. Strand argues that a large company such as USANA would not terminate a distributorship without more documentation than has been identified so far. If such documents have not been produced, Mrs. Strand argues, it follows that they must have been destroyed. Mrs. Strand's belief is not sufficient and assumes too much about the organization skills of large corporations. Mrs. Strand has not provided any evidence from extant discovery showing that

documents on this subject matter once existed but were destroyed. Hopeful speculation provides neither a basis to find that spoliation occurred nor to impose sanctions. Therefore, even if Mrs. Strand had established a preservation duty, she has failed to show that there was anything that was not produced because it was destroyed.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing analysis, IT IS HEREBY RECOMMENDED that Mrs. Strand's Motion for Sanctions[12] be DENIED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 26th day of June, 2020.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

_____
[12] ECF No. 152.