IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ELIZABETH STRAND and AMARA ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> USANA HEALTH SCIENCES, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:17-cv-00925-HCN-JCB <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Plaintiffs Elizabeth Strand and Amara Enterprises, Inc.'s (together, "Mrs. Strand") Motion for Leave to File Second Amended Complaint.[3] Under DUCivR 7-1(f), the court has concluded that oral argument is unnecessary and therefore decides the motion on the written memoranda. Having reviewed the parties' briefs and relevant law, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Mrs. Strand's motion seeks leave to amend the complaint to replead subject matter jurisdiction and to add a second breach of contract claim. Mrs. Strand asserts the proposed second amended complaint would clarify the existing allegations underlying the breach of

---

[1] ECF No. 283.
[2] ECF No. 312.
[3] ECF No. 291.

contract claim by distinguishing that the termination of distributorship and the refusal to approve the sale of distributorship are each independent breaches that give rise to two separate claims for breach of contract. Mrs. Strand's motion comes in response to the confusion expressed by the court at the February 20, 2020 hearing.

Defendant USANA Health Sciences, Inc. ("USANA") does not oppose amendment to the pleading of subject matter jurisdiction. However, USANA opposes the addition of a second breach of contract claim because Mrs. Strand purportedly unduly delayed asserting the claim, which causes USANA to suffer undue prejudice. Because USANA does not oppose amending the allegations as to subject matter jurisdiction, Mrs. Strand's motion to amend those allegations is GRANTED without further discussion. Based on the reasons below, Mrs. Strand's proposed addition of a second breach of contract claim is also GRANTED.

## ANALYSIS

Under the liberal standard for granting leave to amend pleadings, the court concludes that Mrs. Strand should be allowed to amend her complaint. Under Fed. R. Civ. P. 15, the court "should freely give leave [to amend] when justice so requires." Whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). The court may deny leave to amend only where there is a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). Because USANA argues only undue delay and prejudice, only those two arguments are discussed below.

## I.  Undue Delay

There is no undue delay in bringing this motion. The proposed amendment would clarify that the breach of contract allegations contemplate two breaches of two independent contractual provisions, and therefore describes two separate causes of action: (1) termination of the distributorship agreement and (2) refusal to approve the sale of the distributorship. The motion to amend is brought one month after the February 20, 2020 hearing whereat the court expressed a need for clarification on this issue. Thus, there is no undue delay.

USANA highlights the fact that this motion comes two and a half years after the litigation began. The court is not persuaded by this argument because the mere fact that a party seeks to amend its pleadings at a late stage of the litigation, without more, is not undue delay. Here, the motion was brought within the allotted time period for amending pleadings under the Scheduling Order, fact discovery remains open until September 14, 2020, and no trial date has been scheduled in this case. Under these circumstances, the court cannot say that Mrs. Strand's motion for leave to amend is either untimely or causes undue delay in the final disposition of the case. Accordingly, USANA's objection is overruled.

## II.  Unfair Prejudice

USANA has not established that it will be unfairly prejudiced if Mrs. Strand is permitted leave to amend. Prejudice is most often found "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1207. That is not the case here. In the proposed amendment, the underlying allegations remain the same with the only change being increased specificity as to the contractual provisions that were allegedly violated. Prejudice does not exist simply because an

amendment adds a new cause of action for liability. Instead, USANA needs to show that the amendment would result in some unique difficulty in defending against the new claim, which USANA fails to do.

To the extent USANA needs to engage in additional discovery, it is free to do so as fact discovery has not yet closed. If the time allotted in the current Scheduling Order is insufficient to accommodate USANA's additional discovery needs, any such hardship can be alleviated through further adjustments to the schedule.

## CONCLUSION

After considering the relevant factors—and given the liberal standard for allowing leave to amend pleadings—the court concludes that Mrs. Strand should be provided with leave to amend her complaint.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Mrs. Strand's Motion for Leave to File Second Amended Complaint[4] is GRANTED. Within 5 days of the date of this order, Mrs. Strand may file the second amended complaint.

DATED this 6th day of July, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[4] ECF No. 291.