IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| ELIZABETH STRAND and AMARA ENTERPRISES, INC., <br><br> **Plaintiffs,** <br><br> v. <br><br> USANA HEALTH SCIENCES, INC., <br><br> **Defendant.** | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:17-cv-00925-HCN-JCB <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Jared C. Bennett |

Before the court is Defendant USANA Health Sciences, Inc.'s ("USANA") Renewed Motion to Compel Production of Documents Improperly Withheld as Privileged ("Renewed Motion").[1] The court heard oral argument on the Renewed Motion on November 8, 2020.[2] At the conclusion of the hearing, the court orally ruled on all disputed privilege Logs except for Elizabeth Strand Log 52 ("Log 52") which the court took under advisement. The court issued a written ruling[3] memorializing its oral rulings on all privilege Logs except Log 52 which the court rules on herein. After consideration of the memoranda submitted by the parties, the relevant law, oral arguments presented by counsel, and *in camera* review of Log 52, the court renders the following ruling.

---

[1] ECF No. 353.
[2] ECF No. 355.
[3] ECF No. 358.

## BACKGROUND

The court took Log 52 under advisement after issuing oral rulings on all other privilege Logs because oral argument yielded uncertainty regarding the timing of a third-party disclosure and whether privilege had indeed been waived. At the hearing, the court pointed out that knowing whether this document was disclosed to a third party prior to this litigation is necessary to determine whether waiver of privilege is governed by the federal or state rule. Specifically, Fed. R. Evid. 502 governs if the alleged waiving "disclosure is made in a federal proceeding," whereas Utah R. Evid. 510 governs if the waiving disclosure occurred before this lawsuit began. *See, e.g., Pinnacle Sur. Servs., Inc. v. Manion Stigger, LLP*, 370 F. Supp. 3d 745, 751 (W.D. Ken. 2019) (finding that state law governs waiver of attorney client privilege where the waiving disclosure did not occur "in a federal proceeding"). Given this uncertainty as to when the disclosure was made, the court analyzes Log 52 under both Fed. R. Evid. 502 and Utah R. Evid. 510. The court finds that Log 52 is not protected and determines that unredacted disclosure is required under both the federal and state rule for the reasons explained below.

## DISCUSSION

### I.  Federal Rule 502: Disclosure in a Federal Proceeding

If Log 52 was disclosed to a third party only during this federal proceeding, then Fed. R. Evid. 502 applies. Rule 502(a) provides that the attorney client privilege is waived where: (1) "the waiver is intentional," (2) "the disclosed and undisclosed communications or information concern the same subject matter," and (3) "they [i.e., the disclosed and undisclosed communications] ought in fairness to be considered together." Fed. R. Evid. 502(a). In considering these requirements, the court is mindful of the Advisory Committee Note

2

accompanying Rule 502(a), which provides that one of the evils that Rule 502(a) sought to rectify is when "a party intentionally puts protected information into the litigation in a selective, misleading, and unfair manner." Fed. R. Evid. 502 advisory committee's note subdivision (a). Thus, "[i]f a party discloses only a portion of privileged or protected information that is helpful to its litigation position, while concomitantly refusing to disclose harmful privileged or protected information relating to the same subject matter, such 'selective' disclosure would be both misleading and unfair." Paul W. Grimm, Lisa Yurwit Bergstrom, Matthew P. Kraeuter, *Federal Rule of Evidence 502: Has it Lived Up to Its Potential?*, 17 Rich. J. of Law & Tech., no. 3, 2013, 1, 22.

      Here, the requirements of Rule 502(a) require disclosure of Log 52. Log 52 consists of 2011 email communications between Mrs. Strand and her attorney regarding a dispute with USANA. Dr. Strand is neither a sender nor a recipient of the correspondence in Log 52. Mrs. Strand produced Log 52 in discovery during this litigation in redacted form. Specifically, Mrs. Strand redacted the first paragraph of the email dated August 15, 2011 and a sentence from an email dated August 12, 2011. However, the remaining attorney-client communication is disclosed in its entirety. The court finds that this disclosure is selective; it discloses facts that are favorable to Mrs. Strand while redacting facts that may be of value to USANNA. This disclosure of attorney-client communications was produced intentionally during discovery—evincing a clear intent to produce select parts of the communications. Mrs. Strand also voluntarily disclosed several other attorney-client communications regarding this same subject matter (i.e., the contract dispute with USANA) prior to this litigation and has produced those attorney-client communications in this litigation. *See* Elizabeth Strand Logs 45, 46, 47, 51, 58, 59, 60, 61, and

63. The redacted materials in Log 52 concern the same subject matter as the materials. *See, e.g., id*. Therefore, Fed. R. Evid.502(a) requires disclosure of Log 52 in unredacted form.

The court rejects any attempt by Dr. Strand to restrain the production of the unredacted version of Log 52 under either attorney-client privilege or marital privilege. The same counsel that produced the redacted version of Log 52 in this litigation represents both Mrs. Strand and Dr. Strand. The documents in this case clearly establish that Mrs. Strand and Dr. Strand were in frequent communication as husband and wife about the dispute with USANNA throughout this litigation. It is difficult to imagine that the decision to produce a redacted version of an attorney-client communication did not have Dr. Strand's approval especially given the joint representation. Were it otherwise, counsel would have a conflict under Utah R. Prof. Conduct 1.7(a)(1) representing two clients whose interests are adverse to each other. The court is not going to assume such a conflict exists especially given the foregoing facts. Therefore, the decision to selectively disclose Log 52 is imputed to Dr. Strand, which necessarily binds him to the consequences of such a decision: full disclosure.

## II.    Utah Rule 510: Disclosure Prior to Litigation

If, prior to this litigation, Log 52 was disclosed to a third party, not covered by privilege, then Utah R. Evid. 510 governs the waiver analysis. Utah R. Evid. 510(a) provides that "[a] person who holds a privilege under these rules waives the privilege if the person or a previous holder of the privilege: (1) voluntarily discloses or consents to the disclosure of any significant part of the matter or communication; or (2) fails to take reasonable precautions against inadvertent disclosure." This provision contemplates the scenario in which multiple people hold a privilege and one of them decides to waive it. As a remedy for those in the privilege group that

4

did not waive privilege under Rule 510(a), Utah law provides that under Rule 510(b), "Evidence of a statement or other disclosure of privilege matter is not admissible against the holder of the privilege if the disclosure was . . . made without opportunity to claim the privilege." Utah R. Evid. 510(b). The Advisory Committee Notes further explains that:

> Once disclosure of privileged matter has occurred, although confidentiality cannot be restored, the purpose of the privilege may still be served in some instances by preventing use of the evidence against the holder of the privilege. For that reason, privileged matter may still be excluded when the disclosure was not voluntary or was made without an opportunity to claim the privilege.

Utah R. Evid. 510 advisory committee's note to subparagraph (b). Thus, subparagraph (a) provides that privilege can be waived by either the privilege holder or a previous privilege holder, and subparagraph (b) recognizes that once privilege is waived under subparagraph (a), confidentiality is lost even for those parties who did not waive privilege. Once confidentiality is lost, so is the privilege. Utah R. Evid. 504(a)(6), (b). However, to mitigate the prejudice to the non-waiving party, Rule 510(b) precludes the admissibility of the disclosed information against the non-waiving party in proceedings to which the Utah Rules of Evidence apply.

      In this case, Mrs. Strand waived attorney-client privilege as to Log 52 by disclosing a "significant part" of the attorney-client privileged communication between her and her prior counsel. Based on the analysis above under Rule 502, it is difficult to imagine that Mrs. Strand would have disclosed the attorney-client communication in Log 52 without Dr. Strand's approval much less his knowledge. Thus, the court could easily hold that Dr. Strand either acquiesced to the waiving disclosure or, at the very least, did not take "reasonable precautions against inadvertent disclosure" given his level of engagement in this dispute since 2011. As such, any pre-litigation waiver of privilege would be imputed to Dr. Strand.

Nevertheless, even assuming that Dr. Strand was completely unaware of the pre-litigation disclosure, Rule 510 still requires unredacted production of Log 52 because Dr. Strand's remedy under Rule 510 precludes admissibility of Log 52 against him but does not limit its discoverability here. Therefore, even assuming the disclosure of Log 52 occurred before this litigation, Rule 510 requires its full disclosure in discovery notwithstanding any privilege rights that Dr. Strand retains in the documents. Therefore, Mrs. Strand is ordered to produce Log 52 in its unredacted form.

## ORDER

Based on the foregoing, USANNA's Renewed Motion[4] is GRANTED IN PART AND DENIED IN PART for the reasons stated on the record[5] and herein. Mrs. Strand shall produce Log 52 without redactions to USANA within 7 days from the date of this Order.

DATED this 9th day of December 2020.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[4] ECF No. 353.
[5] Written order memorializing the court's oral rulings filed contemporaneously herewith. ECF No. 358.